No. 19–56214

# IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

LUIS MANUEL TAPIA,

Defendant–Appellant.

On Appeal From The United States District Court
For The Central District of California
No. 2:19-cv-00071-ODW; 2:11-cr-01068-ODW-1

### MOTION FOR CERTIFICATE OF APPEALABILITY

Jeremy Gordon, Esq.
Jeremy Gordon, PLLC
1848 Lone Star Road, Suite 106
Mansfield, Texas 76063
Tel: 972-483-4865
Fax: 972-584-9230
Email: Jeremy@gordondefense.com

*Counsel for Appellant Luis Manuel Tapia*

Appellant Luis Manuel Tapia ("Tapia"), by and through the undersigned counsel, respectfully submits this Motion for Certificate of Appealability and offers the following in support thereof.

## I. STATEMENT OF THE CASE

On November 8, 2011, a federal grand jury sitting in the Central District of California returned a 29-count Indictment against Tapia and several codefendants. Count 1 charged Tapia with Conspiracy to Possess with Intent to Distribute Heroin, Methamphetamine, and Cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A); Count 2 charged Conspiracy to Engage in the Business of Dealing in Firearms without a License, in violation of 18 U.S.C. § 371; Counts 3, 9, 10, 20, and 21 charged Tapia with Possession with Intent to Distribute Heroin, Methamphetamine and Cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A); Counts 4 and 7 charged Tapia with Possession with Intent to Distribute and Distribution of Cocaine or Heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); Counts 5, 8, 13, 14, 16, 17, 19, 25, and 27 charged Tapia with being a Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1); Counts 6, 11, and 15 charged Possession with Intent to Distribute Methamphetamine or Cocaine, in

1

violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B); Counts 12, 24, and 26 charged Use and Carry of a Firearm During and in Relation to a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A); Count 18 charged Illegal Transfer of a Firearm, in violation of 26 U.S.C. ∞ 5861(e); and Count 29 charged Continuing a Criminal Enterprise, in violation of 21 U.S.C. §§ 848(a), (b) and (s). (DE 34).[1]

On November 18, 2011, the Government submitted an Information pursuant to 21 U.S.C. § 851 alleging Tapia had two prior convictions for felony drug offenses. (DE 50). The filing of the § 851 enhancement raised Tapia's mandatory minimum sentence for Counts 1, 3, 9, 10, 20, and 21 to a term of life imprisonment. No response or denial of the § 851 allegations was submitted.

Tapia proceeded to trial on September 2, 2014. On September 12, 2014, the jury found Tapia guilty on all charges of the Indictment. (DE 283). The district court ordered the preparation of a Presentence Investigation Report ("PSR") and set Tapia's case for sentencing.

---

[1]  Unless otherwise noted, "DE" refers to the District Court Docket Entry in the underlying criminal case.

Based on a total offense level of 44 and a criminal history category of VI, the PSR found Tapia's Guideline range to be life imprisonment plus 55 years consecutive. (PSR ¶ 131). Counts 1, 3, 9, 10, 20, 21, and 29 each mandated a statutory sentence of life imprisonment.

Prior to sentencing, Tapia submitted his Sentencing Position and Objections to the Presentence Report. (DE 315). Tapia, through counsel, urged the court to disregard the mandatory minimum term of life imprisonment required by statute and recommended a sentence of 15 years instead. *Id*. Tapia further moved for dismissal of Count 1 as duplicitous given it was a lesser included offense of the continuing criminal enterprise charged in Count 29. In response, the Government concurred that Count 1 should be dismissed, but maintained that the court was bound by statute to sentence Tapia to life imprisonment. (DE 317).

Tapia appeared for sentencing on April 27, 2015. The parties agreed that Tapia's Guideline range of life imprisonment was correctly calculated by the PSR. (DE 349 at 7). The district court proceeded to vacate Tapia's conviction on Count 1. *Id*. at 8. The court next turned to Tapia's argument that a statutory life sentence violates the Eighth

3

Amendment of the U.S. Constitution. After hearing the parties' arguments, the court concluded:

> THE COURT: All right. Well, I'm not certain that I would even have the authority; that when Congress sets forth a sentencing scheme and imposes certain mandatory minimums, that I'm not certain that I can just simply ignore those. I did once and I got spanked, and I haven't done it since. I simply do not have the authority to disregard mandatory sentences that have been handed down by Congress.

(DE 349 at 20-21).

After hearing allocution from the parties, the district court proceeded to sentence Tapia to a term of life imprisonment plus a mandatory consecutive term of 55 years. *Id*. at 33. The term consisted of life on each of Counts 3, 6, 9, 10, 11, 15, 20, 21 and 29; 60 months on Count 2; 360 months on each of Counts 4 and 7; and 120 months on Counts 5, 8, 13, 14, 16-19, 25 and 27, all to be served concurrently; 60 months on Count 12, to be served consecutively; 300 months on Count 24, to be served consecutively; and 300 months on Count 26, to be served consecutively. (DE 322). Tapia filed a notice of appeal on May 8, 2015. (DE 331).

4

On appeal, Tapia argued that 1) the district court's failure to exclude gang evidence under Federal Rules of Evidence 402 and 403 denied Tapia a fair trial; 2) the court's failure to exclude inflammatory statements under Rules 402 and 403 denied Tapia a fair trial, and 3) the court denied Tapia a fair trial when it refused to compel the attendance of CHS-1 as a defense witness. On May 30, 2017, this Court entered a Memorandum Opinion affirming Tapia's convictions. *United States v. Tapia*, 691 Fed. Appx. 499 (9th Cir. 2017). Tapia sought rehearing which was denied on August 17, 2017. Next, Tapia filed a petition for writ of *certiorari* with the U.S. Supreme Court which was denied on January 8, 2018. *Tapia v. United States*, 138 S.Ct. 692 (2018).

On January 4, 2019, Tapia filed a Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255. (DE 395). Tapia raised one claim for § 2255 relief: trial counsel was ineffective for failing to properly advise Tapia regarding the enhanced penalties under 21 U.S.C. §§ 841 and 851, and but for counsel's misadvice, Tapia would have accepted the Government's plea offer and not proceeded to trial. (DE 395-1 at 6).

On September 3, 2019, the district court entered an order denying Tapia's 28 U.S.C. § 2255 motion. (DE 413). Tapia filed a timely notice of appeal on October 18, 2019. (DE 416). On March 3, 2020, the district court entered an order denying Tapia a certificate of appealability. (DE 422).

## II. JURISDICTION

Federal Rule of Appellate Procedure 22 prevents Tapia from appealing the denial of his motion under 28 U.S.C. § 2255, "unless a circuit justice or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22. Accordingly, this Court has jurisdiction under 28 U.S.C. § 2253 and Circuit Rule 22-1.

## III. STANDARD OF REVIEW

For a certificate of appealability ("COA") to be issued, Tapia must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253. This is done through a showing that jurists of reason could disagree with the district court's resolution of his constitutional claim. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). The Supreme Court has explained that the COA inquiry is a threshold determination, and full consideration of the merits underlying a claim is inappropriate.

*Miller-El*, 537 U.S. at 336 ("This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claim. In fact the statute forbids it.").

In *Buck v. Davis*, 137 S.Ct. 759 (2017), the Chief Justice, writing for the Court, held that the certificate of appealability "inquiry, we have emphasized, is not coextensive with a merits analysis." *Id*. at 773. As the Chief Justice explained:

> That a prisoner has failed to make the ultimate showing that his claim is meritorious does not logically mean he failed to make a preliminary showing that his claim was debatable. Thus, when a reviewing court […] inverts the statutory order of operations and 'first decid[es] the merits of an appeal, . . . then justif[ies] its denial of a COA based on its adjudication of the actual merits,' it has placed too heavy a burden on the prisoner at the COA stage. *Miller-El v. Cockrell*, 537 U.S. [322], 336-337 (2003). *Miller-El* flatly prohibits such a departure from the procedure described by §2253.
>
> The statue sets forth a two-step process: an initial determination *whether a claim is reasonably debatable*, and then–if it is–an appeal in the normal course. We do not mean to specify what procedures may be appropriate in every case. But whatever procedures are employed at the COA stage should be consonant with the *limited nature of this inquiry*.

*Id*. at 774 (alterations and emphasis added).

# IV. ARGUMENT

1.  **<u>Reasonable Jurists Could Debate That The District Court Erred In Denying Tapia § 2255 Relief Without Holding An Evidentiary Hearing</u>**

    Tapia alleged that trial counsel was ineffective for failing to advise Tapia of the mandatory consequences related to the Government's filing of the Information pursuant to 21 U.S.C. § 851. Because of counsel's failures, Tapia rejected the Government's plea offer and proceeded to trial, which ultimately resulted in life plus 55 consecutive years of confinement. But for counsel's ineffectiveness, Tapia alleged that he would have accepted the Government's plea offer and that there is a reasonable probability that Tapia would have received a lesser sentence.

    After the filing of the § 851 notice, Tapia alleged that counsel failed to discuss with him the fact that a single conviction on any of the affected counts would result in a mandatory life sentence. Even after being convicted at trial, Tapia proceeded to sentencing under the erroneous impression that the district court may disregard the statutory minimum and give Tapia a lesser sentence. This misadvice

8

resulted in Tapia rejecting the Government's plea offer and proceeding to trial.

"[I]t is the responsibility of defense counsel to inform a defendant of the advantages and disadvantages of a plea agreement[.]" *Libretti v. United States*, 516 U.S. 29, 50-51 (1995). "Before deciding whether to plead guilty, a defendant is entitled to 'the effective assistance of competent counsel[.]" *Padilla v. Kentucky*, 599 U.S. 356, 364 (2010); *see also Lafler v. Cooper*, 566 U.S. 156, 162 (2012) ("During plea negotiations defendants are 'entitled to the effective assistance of competent counsel.'"). Further, "[a] failure by counsel to provide advice may form the basis of a claim of ineffective assistance of counsel[.]" *Libretti*, 561 U.S. at 51 (quoting *United States v. Broce*, 488 U.S. 563, 574 (1989)).

In the underlying case, counsel's failure to advise Tapia of the mandatory consequences of the § 851 enhancement constitutes ineffective assistance of counsel. "[W]here the issue is whether to advise the client to plead or not 'the attorney has the duty to advise the defendant of the available options and possible consequences,' and failure to do so constitutes ineffective assistance of counsel." *United*

*States v. Baylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting *Beckman v. Wainwright*, 639 F.2d 262, 267 (5th Cir. 1981)).

In support of his § 2255 claim, Tapia submitted a declaration wherein Tapia averred that counsel's failure to advise him of the mandatory consequences of the § 851 enhancement resulted in Tapia rejecting the Government's plea offer. (Decl. of Tapia ¶ 7). According to Tapia, he was aware of the Government's filing of the § 851 notice; however, Tapia was not advised by defense counsel as to exactly how the enhancements would affect his sentence. (Decl. of Tapia ¶ 3). Tapia did not recall any advice nor discussion with his attorney regarding the mandatory life sentence resulting from the § 851 notice. (Decl. of Tapia ¶ 4). Because Tapia believed that the district court could give a lesser sentence, Tapia rejected what he recalled to be a formal plea offer of 22 years imprisonment. (Decl. of Tapia ¶ 5).

Additionally, the district court record does not contradict Tapia's § 2255 claim of ineffective assistance of counsel. Indeed, prior to sentencing, counsel filed a sentencing memorandum requesting the court disregard the statutory minimum and sentence Tapia to a term of 15 years imprisonment. (DE 315(. Counsel continued this argument

throughout sentencing, even after being advised by the court that it "simply do[es] not have the authority to disregard mandatory minimum sentences that have been handed down by Congress." (DE 349 at 20-21).

Under section 2255, the district court shall grant an evidentiary hearing on a § 2255 claim "[u]nless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Although the record in this case did not refute Tapia's allegations of ineffective assistance of counsel, the district court denied Tapia § 2255 relief without an evidentiary hearing. Reasonable jurists could debate that the district court erred in doing so.

In denying Tapia's § 2255 motion, the district court relied primarily on the declarations of Tapia and his trial attorneys, Newman and Bednarski. The court concluded that "[t]here are a number of facts which lend greater credibility to what is conveyed in the Declarations of Newman and Bednarski and far less credibility to the Tapia Declaration." (DE 413 at 5). The district court's decision to credit the declarations of Tapia's trial counsels over Tapia's declaration without an evidentiary hearing was error.

"In a *habeas* case, when there are only conflicting affidavits regarding the facts underlying the issue of cause, the district court must hold an evidentiary hearing." *Buffalo v. Sunn*, 854 F.2d 1158, 1165 (9th Cir. 1998); *see also United States v. White*, 366 F.3d 291, 297 (4th Cir. 2004) ("if the parties produce evidence disputing material facts with respect to non-frivolous habeas allegations, a court must hold an evidentiary hearing to resolve those disputes.").

Here, Tapia and trial counsels produced competing affidavits that revolved around information not contained within the record. Accordingly, the district court was required to hold an evidentiary hearing on Tapia's claim of ineffective assistance of counsel. Instead, the district court credited counsels' declarations over Tapia's without a hearing. Reasonable jurists could debate that this was error. Accordingly, this Court should issue a certificate of appealability on whether the district court erred in denying Tapia's § 2255 motion without holding an evidentiary hearing where Tapia's § 2255 claim involved competing declarations and was not contradicted by the record.

## V. CONCLUSION

Based on the foregoing, the Court should grant Tapia a certificate of appealability.

 

Respectfully submitted,
/s/ Jeremy Gordon
Jeremy Gordon
Jeremy Gordon, PLLC
1848 Lone Star Road, Suite 106
Mansfield, Texas 76063
Tel: 972-483-4865
Fax: 972-584-9230
Email: Jeremy@gordondefense.com
Texas Bar No. 24049810

*Attorney for Luis Manuel Tapia*

## CERTIFICATE OF PERFORMANCE OF VIRUS CHECK

I, Jeremy Gordon, hereby certify that on March 26, 2020, I caused a virus check to be performed on the electronically filed copy of this motion using the following software: Avast Mac Security, Version 14.3. No virus was detected.

<u>/s/ Jeremy Gordon</u>

# CERTIFICATE OF COMPLIANCE

1. This motion complies with the type-volume limitations of Fed. R. App. P. 27(d)(2)(A) because the motion contains 2,664 words.

2. This motion complies with the typeface and type-style requirements of Fed. R. App. P. 32(a)(5) & (a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook font.

/s/ Jeremy Gordon

# CERTIFICATE OF SERVICE

I, Jeremy Gordon, certify that a true and correct copy of this Motion for Certificate of Appealability was duly served on all counsel of record via the Court's CM/ECF system this 26th day of March 2020.

/s/ Jeremy Gordon